CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 02 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:07CR00063 |
| | ) | (CASE NO. 5:13CV80581) |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| KEVIN VINCE STOTTLEMYER, JR., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Kevin Vince Stottlemyer, Jr., a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Stottlemyer is challenging the validity of the sentence under which he is confined, based on allegations of ineffective assistance of counsel, prosecutorial misconduct, and court error. Upon consideration of the § 2255 motion and the record, the court concludes that the action must be summarily dismissed as untimely filed.[1]

I

Stottlemyer pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute more than five kilograms of cocaine powder and more than 50 grams of cocaine base. The court sentenced Stottlemyer to 131 months in prison for this conviction. Judgment entered on February 6, 2009, and the Stottlemyer did not appeal.

In November 2011, Stottlemyer moved for a sentence reduction under 18 U.S.C. § 3592(c) and a retroactive amendment to the federal sentencing guideline for cocaine base offenses. On January 31, 2012, the court notified the parties of its belief that Stottlemyer was entitled to a sentence reduction and that absent objection from the parties, the court intended to

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

reduce his sentence from 131 months in prison to 105 months. No objections were filed. On March 12, 2012, the court entered a memorandum opinion and order reducing Stottlemyer's sentence from 131 months to 120 months in prison. The court stated that despite the notice, it was bound by statute to impose a sentence of 120 months:

> With a total offense level of 29 and a criminal history category of I, the defendant's guideline range of imprisonment is technically 87 months to 108 months. However, . . . the low end of the defendant's sentencing guidelines cannot dip below 120 months, the statutorily mandated minimum sentence for this defendant under 21 U.S.C. § 841(b)(1)(A).

(ECF No. 693, at 2.) Stottlemyer did not appeal the court's sentence reduction order.

Stottlemyer wrote to the court in August 2013 and January 2013, complaining that he should have received the benefit of the "safety valve" provision, stating his belief that the United States Court of Appeals for the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. Aug. 17, 2011) (en banc), applied to his case, and expressing his dissatisfaction with the reduction that decreased his sentence only to 120 months. On March 14, 2013, Stottlemyer submitted a motion for an extension of time to file a § 2255 motion outside the one-year filing period, based on allegations of ineffective assistance of counsel. Before the court addressed this motion, Stottlemyer filed a § 2255 motion.

Liberally construed, Stottlemyer's § 2255 motion alleges the following grounds for relief: (1) counsel was ineffective in that she (a) failed to argue that the defendant qualified for a sentence below the guideline range under the safety valve provision; (b) failed to assist him in moving for a reduction under § 3582(c) on this ground; (c) failed to provide the defendant with copies of requested documents from his case after sentencing; and (d) failed to argue for a reduction based on the defendant's substantial assistance; (2) the court erred in failing to give the defendant the benefit of the safety valve provision after a proposed enhancement for a firearm

2

was not applied;[2] and (3) after defendant provided substantial assistance, the government did not make a motion for reduction on his behalf, and counsel was ineffective in advising him not to raise this issue, because he had gotten the best sentence possible and might get more time if he challenged the sentence. The § 2255 motion includes Stottlemyer's statement of reasons he believes he should be allowed to file a late § 2255 motion.

The court filed the § 2255 motion conditionally, notified Stottlemyer that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. The court specifically advised the defendant that failure to provide such information would result in dismissal of the action as untimely. Stottlemyer has not responded with any additional facts or argument on the issue of timeliness. However, the time allotted for him to do so has expired.

## II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] As a consequence of being denied the safety valve benefit, Stottlemyer alleges, the court also denied him the benefit of a greater reduction under § 3582(c) in 2012.

28 U.S.C. § 2255(f). When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, judgment was entered against Stottlemyer on February 6, 2009. Because he did not appeal the judgment, his conviction became final on February 20, 2009, when his opportunity to appeal expired. See Fed. R. App. P. 4(b)(1)(A) (former version). He then had one year – until February 22, 2010 – in which to file a timely § 2255 motion. As he filed his § 2255 motion, at the earliest, on March 28, 2013,[3] his claims challenging the legality of the sentence as imposed in 2009—Claims 1(a), 1(d), 2, and 3—are untimely under § 2255(f)(1). Stottlemyer does not allege facts on which he would be entitled to have his filing period for any of these claims calculated under any other subsection of § 2255(f).

Stottlemyer has moved for an extension of the one-year filing period. This court has no authority under § 2255(f) or any other statutory provision or rule to grant an additional period in which a defendant may file a § 2255. Therefore, the motion for extension of the limitation period must be denied. Unless Stottlemyer demonstrates grounds on which he is entitled to tolling of the federal filing deadline for equitable reasons, Claims 1(a), 1(d), 2, and 3 must be summarily dismissed as untimely. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001) (finding that court has no authority to toll statute of limitation unless petitioner demonstrates

---

[3] Generally, a prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. See Rule 3(d), Rules Governing § 2255 Proceedings; Houston v. Lack, 487 U.S. 266 (1988). Because Stottlemyer signed and dated his § 2255 motion on March 28, 2013, the court will assume for purposes of this opinion that he delivered it to prison authorities for mailing on that date.

4

extraordinary circumstances and due diligence as normally required for equitable tolling of limitation period).

To warrant equitable tolling, the defendant must "establish[ ] two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). To satisfy the second prong of this analysis, the defendant must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc). The defendant has the burden to show entitlement to equitable tolling. Holland, 130 S. Ct. at 2562.

Stottlemyer asserts that he should be allowed to file his § 2255 claims late because: (a) counsel was ineffective at sentencing for failing to raise the safety valve issue; and (b) counsel misled him into believing he could not have a copy of his judgment in prison. Both of these reasons for tolling are without merit. Stottlemyer does not explain any respect in which counsel's actions at sentencing prevented him from filing a timely § 2255 motion. The exhibit Stottlemyer offers in support of his second proposed ground for tolling proves, instead, that he waited too long to pursue any post-conviction relief; the exhibit is a copy of a letter he wrote to counsel, asking for a copy of the judgment; the letter is dated June 7, 2010, after the limitation period under § 2255(f)(1) expired in February 2010. (ECF No. 724-1, at 1.)

Because Stottlemyer filed his § 2255 motion outside the limitation period and fails to demonstrate either due diligence, or any extraordinary circumstance that prevented him from

filing a timely § 2255 motion, so as to warrant equitable tolling of the limitation period, Claims 1(a), 1(d), 2, and 3 of his § 2255 motion must be dismissed as untimely filed.[4]

Stottlemyer's remaining claims, while conceivably based on events that occurred within one year before this action, must be dismissed because they are without merit. Claim 1(b) alleges ineffective assistance of trial counsel with regard to Stottlemyer's request for sentence reduction under § 3582(c). Claim 1(c) faults counsel for failing to provide Stottlemyer copies of documents after the original sentencing, presumably so he could pursue a § 2255 motion. Because Stottlemyer had no constitutional or statutory right to appointment of counsel for a § 3582(c) proceeding or a § 2255 action, however, he has no actionable claim that counsel's assistance was ineffective or absent with respect to either of these actions. Lawrence, 549 U.S. at 336-37 ("[I]n the postconviction context[,] prisoners have no constitutional right to counsel."); Legree, 205 F.3d at 730 (finding no right to counsel in § 3582(c) proceeding).

---

[4] To the extent that Stottlemyer raised potential § 2255 claims in his separate letters to the court in August 2012 and January 2013, such claims were also filed outside the one-year filing period under § 2255(f)(1). In any event, the claims raised in these letters were without merit. Neither the Simmons case nor the Supreme Court decision on which it was based, Carachuri-Rosendo v. Holder, __ U.S. __, 130 S. Ct. 2577 (June 14, 2010), provides any ground for relief to inmates, like Stottlemyer, seeking collateral review of their sentences. See United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012) ("Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review."). Therefore, Stottlemyer's August 2012 letter, expressing his belief that his sentence was illegal under Simmons, stated no ground for relief under § 2255.

In his January 2013 letter, Stottlemyer asserted that the court erred in calculating his sentence reduction under § 3582(c) by filing to recalculate his sentence under the safety valve provision. This claim essentially challenged the sentence as originally imposed. As a § 2255 claim, it was untimely filed, for reasons already stated. To the extent that Stottlemyer is asking for reconsideration of the court's March 12, 2012, sentence reduction order under § 3582(c), his claim must be denied for other reasons. First, the court has no jurisdiction to reconsider its § 3582(c) order. See Goodwyn v. United States, 596 F.3d 233, 236 (4th Cir. 2010). Second, § 3582(c) provides authority for reductions based only on a post-sentencing and retroactive amendment of the guideline under which the defendant was sentenced and does not reopen calculation of the defendant's original sentence. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) ("A motion pursuant to § 3582(c)(2) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'") (omitting citations).

For the reasons stated, the court concludes that Stottlemyer's § 2255 motion must be summarily dismissed. The majority of his claims are untimely filed, and the remaining claims are without merit. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 2d day of ~~April~~ May, 2013.

/s/ Glen Conrad
Chief United States District Judge